UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLI ROGERS | CIVIL ACTION |
| VERSUS | 25-251-SDD-EWD |
| STATE OF LOUISIANA, ET AL. | |

**RULING**

Before the Court is the Motion to Dismiss filed by Defendant, the State of Louisiana ("the State").[1] Plaintiff, Ashli Rogers, filed an Opposition,[2] to which Defendant filed a Reply.[3] For the reasons that follow, the motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff, Ashli Rogers ("Plaintiff"), filed this lawsuit in state court on behalf of her minor son, G.J.[4] Plaintiff alleges that G.J. was physically attacked and injured by an instructor referred to as "Sergeant Canefield" while G.J. was enrolled in the Louisiana Youth Challenge Program ("YCP").[5] Plaintiff asserts federal claims under 42 U.S.C. § 1983 for excessive force and unreasonable seizure, as well as state law claims for battery and vicarious liability.[6] Named as defendants in the Petition are the State of Louisiana, Sergeant Canefield, and "Unidentified Members of the Military Police."[7] However, according to the State, neither Sergeant Canefield nor any members of the military police have been served with this lawsuit.[8]

---

[1] Rec. Doc. 5.
[2] Rec. Doc. 8.
[3] Rec. Doc. 9.
[4] Rec. Doc. 1-2, pp. 2–6.
[5] *Id.*
[6] *Id.* at pp. 4–6.
[7] *Id.* at p. 2.
[8] Rec. Doc. 5-1, p. 2, n.6.

The State moves to dismiss, primarily arguing that the Court lacks subject matter jurisdiction because Plaintiff's exclusive remedy lies in the Federal Employees' Compensation Act ("FECA").[9] The State alternatively seeks dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[10]

## II. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction and FECA

"FECA provides compensation for a federal employee's personal injuries 'sustained while in the performance of his duty.'"[11] FECA includes an exclusivity provision which reads as follows, in relevant part:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.[12]

Based on this provision, courts note that "FECA is the exclusive remedy for a federal employee's injuries if those injuries are within the statute's coverage."[13]

The State points out, and Plaintiff does not dispute, that under 32 U.S.C. § 509, G.J. as a participant in the YCP is "considered an employee of the United States for the purposes of" FECA.[14] For this reason, the State argues that FECA is the exclusive remedy

---

[9] *Id.* at pp. 2–4.
[10] *Id.* at pp. 4–7.
[11] *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) (quoting 5 U.S.C. § 8102(a)).
[12] 5 U.S.C. § 8116(c).
[13] *Smith v. Nicholson*, 516 F. Supp. 2d 832, 836 (S.D. Tex. 2007).
[14] 32 U.S.C. § 509(i)(1)(A).

for G.J.'s alleged injuries, divesting this Court of jurisdiction.[15] Plaintiff disagrees, arguing that FECA is inapplicable altogether because none of the defendants in this lawsuit are federal employees.[16] In reply, the State expresses that it "has never asserted either that itself or any of the unserved defendants are or should be considered a federal employee."[17] Rather, the State asserts that "[r]egardless of whether the State or any other defendant is or is not a federal employee," FECA is the exclusive remedy because of G.J.'s statutory status as a "federal employee."[18]

FECA's exclusivity provision specifically restricts the "liability *of the United States*."[19] Thus, the Supreme Court has noted that section 8116(c) "prohibits actions against the United States,"[20] meaning that "the United States' liability for work-related injuries under FECA is exclusive."[21] But this Court finds no support in the statute or interpreting caselaw for the argument that the State is a beneficiary of such exclusivity. Other courts applying the exclusivity provision of FECA have done so in actions against the United States or instrumentalities thereof, as opposed to actions against individual states or state actors.[22]

---

[15] Rec. Doc. 5-1, pp. 2–4.
[16] Rec. Doc. 8, pp. 2–8.
[17] Rec. Doc. 9, p. 1.
[18] *Id.* at p. 2.
[19] 5 U.S.C. § 8116(c).
[20] *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193 (1983).
[21] *United States v. Lorenzetti*, 467 U.S. 167, 169 (1984). *See also, e.g., Gill v. United States*, 641 F.2d 195, 197 (5th Cir. 1981) (noting that "section 8116(c) provides that FECA is the exclusive remedy *against the United States* for an injury within its coverage."); *Eubank v. Kansas City Power & Light Co*., 626 F.3d 424, 427 (8th Cir. 2010) ("The Eubanks, however, could not assert a claim *against the United States* because they elected to receive FECA benefits, and FECA is the exclusive remedy *against the United States* for their claims based on David Eubank's death."); *Noble v. United States*, 216 F.3d 1229, 1235 (11th Cir. 2000) ("Where a federal employee brings an action *against the United States* and there is a substantial question as to whether FECA provides the employee's exclusive remedy for the alleged injury, the district court must ... hold the action in abeyance pending a coverage determination by the Secretary [of Labor].").
[22] *See, e.g., Avasthi v. United States*, 608 F.2d 1059 (5th Cir. 1979); *Lobell v. Johanns*, No. CV 05-950, 2006 WL 8434099, at *4 (M.D. La. Oct. 30, 2006); *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998); *T.W. v. United States*, No. CV-09-BE-1639-S, 2009 WL 10703052 (N.D. Ala. Oct. 1, 2009); *Zellars v. United States*, No. CIV.A. 05-1670, 2006 WL 1050673 (D.D.C. Apr. 20, 2006).

In sum, although YCP participants are considered "employees of the United States" for purposes of FECA coverage under 32 U.S.C. § 509, the Court finds that this does not expand the exclusivity of FECA to immunize the State from suit. Accordingly, the State's Motion to Dismiss for lack of subject matter jurisdiction will be denied.

### B. Failure to State a Claim

The State next moves to dismiss under Rule 12(b)(6). When deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[23] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[24] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[25]

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[26] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[27] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the

---

[23] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[24] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal citations omitted).
[25] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).
[26] *Twombly*, 550 U.S. at 555 (2007) (internal citations and brackets omitted).
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

reasonable inference that the defendant is liable for the misconduct alleged."[28] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[29] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[30] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[31]

### 1. § 1983 Claims

First, the State seeks dismissal of Plaintiffs' constitutional claims brought pursuant to § 1983 because a state is not considered a suable "person."[32] In response, Plaintiff conclusorily argues that her allegations against Sergeant Canefield and unidentified members of the military police are sufficient to survive dismissal.[33]

The Supreme Court has held that "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."[34] Accordingly, the § 1983 claim against the State will be dismissed.[35]

### 2. Vicarious Liability

Under Louisiana law, an employer is liable for acts of its employee when they are committed in the course and scope of his employment.[36] The "course" of employment

---

[28] *Id*.
[29] *Id*.
[30] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[31] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[32] Rec. Doc. 5-1, p. 5.
[33] Rec. Doc. 8, p. 9.
[34] *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002) (citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989)).
[35] The State is the only party moving to dismiss. This Ruling does not address any potential claims against Sergeant Canefield or any other individual defendant.
[36] *LeBrane v. Lewis*, 292 So. 2d 216, 217–18 (La. 1974).

refers to the time and place of the conduct, while the "scope" of employment refers to the employment-related risk of injury.[37] "An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours."[38] Generally, "an employee's conduct is within the course and scope of employment if the conduct is of the kind that the employee is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer."[39]

When determining whether an employer could be vicariously liable for an intentional tort committed by its employee, courts look to the following nonexclusive factors: (1) whether the tortious act was primarily employment rooted, (2) whether it was reasonably incidental to the performance of the employee's duties, (3) whether it occurred on the employer's premises, and (4) whether it occurred during the hours of employment.[40] Ultimately, an employer may only be liable for the intentional tort of its employee if the tortious conduct was "so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest."[41] Essentially, once it is established that the employee acted within the course of his employment, the employer's vicarious liability hinges on whether the "purpose of serving the employer's business actuated the employee to any appreciable extent."[42]

---

[37] *Benoit v. Capitol Mfg. Co.*, 617 So. 2d 477, 479 (La. 1993).
[38] *Baumeister v. Plunkett*, 673 So. 2d 994, 996 (La. 1996) (quoting *Scott v. Commercial Union Ins. Co.*, 415 So.2d 327, 329 (La. App. 2d Cir. 1982)).
[39] *Crawford v. Wal-Mart Stores, Inc.*, No. 10-805-M2, 2011 WL 3206196, at *2 (M.D. La. July 26, 2011).
[40] *Id.*
[41] *Baumeister*, 673 So. 2d at 996; *Crawford*, 2011 WL 3206196, at *2.
[42] *Crawford*, 2011 WL 3206196, at *2 (citing *Johnson v. Littleton*, 37 So. 3d 452 (La. App. 2 Cir. 2010)).

Although it concedes that the alleged incident occurred on property owned by the State, the State argues that "there is no allegation to show an employment-related connection to the alleged incident other than location."[43] In response, Plaintiff argues that "[b]ased on the facts as alleged, it is surely feasible that [Sergeant] Canefield's acts were committed in the course and scope of his employment as an officer with YCP and the National Guard."[44]

Plaintiff alleges as follows in her Petition:

> On November 19, 2023, Defendant [Sergeant] Canfield [sic] and Cadet G.J. got into a verbal argument. Once G.J. felt that Canfield [sic] was angry, G.J. walked away to go back into his barracks. Canfield [sic] followed G.J. into the barracks, Canefield attacked G.J. from behind, striking him with punches and attempted a chokehold until another cadet broke up the attack and threw Canefield into the barracks wall.[45]

As mentioned above, the State concedes that the location of the alleged incident weighs in Plaintiff's favor on the vicarious liability question. However, the Court finds that the Petition contains insufficient factual information as to any of the other factors. Aside from the allegation that the attack by Sergeant Canefield was preceded by "a verbal argument," there is no explanation of why the incident happened or whether it may have been employment rooted. The State cites *Bailey v. Pinnacle Polymers, LLC*,[46] which the Court finds instructive. In *Bailey*, the Louisiana Fifth Circuit Court of Appeal reasoned:

> Here, the allegations of Bailey's petition satisfy the time and place factors because the intentional act is alleged to have occurred on the premises of Pinnacle and during Williams' work hours. However, the petition does not allege any facts explaining why Williams intentionally struck Bailey in the face and head, although the petition does state that the altercation

---

[43] Rec. Doc. 5-1, p. 7.
[44] Rec. Doc. 8, p. 10.
[45] Rec. Doc. 1-2, p. 3, ¶ 6.
[46] 24-490 (La. App. 5 Cir. 4/2/25), 412 So. 3d 1063.

was abrupt and unprovoked. The petition does not allege the nature and scope of Williams' employment duties and how his intentional tortious conduct was incidental to those duties. Consequently, there are no facts alleged that would support a finding that the intentional act … was primarily employment rooted or reasonably incidental to the performance of Williams' duties. Absent these allegations, the petition fails to state sufficient facts to support the imposition of vicarious liability on Pinnacle for Williams' intentional act.[47]

Similarly here, although the attack allegedly occurred on State property during the YCP, Plaintiff does not allege any facts indicating that the argument and ensuing fight were employment rooted. For this reason, the Motion will be granted as to the claim against the State for vicarious liability.

### III. CONCLUSION

For the foregoing reasons, the Motion[48] is GRANTED IN PART and DENIED IN PART.

The Motion to Dismiss for lack of subject matter jurisdiction is DENIED.

The Motion to Dismiss for failure to state a claim is GRANTED. The § 1983 claim and the state law claim for vicarious liability against the State are dismissed without prejudice. Plaintiff shall have 30 days from the date of this Ruling to amend to cure any deficiencies, if possible.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this  4th  day of    March   , 2026.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[47] *Id.* at 1072–73 (citing cases).
[48] Rec. Doc. 5.